## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ALEX GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-0020 |
| ) | |
| B. MATTHEW MCCLAFFERTY, MAC ) | |
| PRIVATE EQUITY, INC. AND MPE CLEARING ) | |
| & HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**APPEARANCES:**

**MICHAEL L. SHEESLEY, ESQ.**
MICHAEL L. SHEESLEY LLC
SAN JUAN, PUERTO RICO
  *FOR PLAINTIFF ALEX GIBSON*

**CHRISTOPHER ALLEN KROBLIN, ESQ.**
**MARJORIE B. WHALEN, ESQ.**
KELLERHALS FERGUSON KROBLIN PLLC
ST. THOMAS, U.S. VIRGIN ISLANDS
  *FOR DEFENDANTS B. MATTHEW MCCLAFFERTY, MAC PRIVATE EQUITY, INC., AND MPE CLEARING & HOLDINGS, INC.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

  **BEFORE THE COURT** is Defendants B. Matthew McClafferty, Mac Private Equity, Inc., and MPE Clearing & Holdings, Inc.'s (collectively, "Defendants") Suggestion of Bankruptcy (Chapter 7), filed on March 5, 2025. (ECF No. 66.) Defendants informed the Court that a petition for Chapter 7 bankruptcy was filed on March 4, 2025, by Defendant Mac Private Equity, Inc. ("Mac Equity") in the United States Bankruptcy Court for the District of Delaware. *Id*. The petition listed Co-defendants B. Matthew McClafferty ("McClafferty") and MPE Clearing & Holdings, Inc. ("MPE") as co-debtors*. Id.*

On March 7, 2025, Plaintiff Alex Gibson ("Gibson") filed a response to Defendants' Suggestion of Bankruptcy, (ECF No. 67), and McClafferty and MPE filed a reply on April 1, 2025. (ECF No. 70.) For the reasons set forth below, the Court finds that Mac Equity's petition for bankruptcy and the automatic stay pursuant to 11 U.S.C. § 362 applies only to Mac Equity and not to co-debtors and co-defendants McClafferty and MPE.

## I. BACKGROUND

Gibson, a resident and citizen of Puerto Rico, filed the instant action alleging that he had been duped by Defendants through a "Ponzi Scheme."[1] (*See generally* ECF No. 5.) Co-defendant McClafferty is a resident of the U.S. Virgin Islands. *Id.* at ¶2. Co-defendant Mac Equity is a Delaware corporation and Co-defendant MPE is a U.S. Virgin Islands corporation. *Id.* at ¶¶3, 4. The parties had presumably settled their disputes in October 2024 with a consent judgment and a stipulation for dismissal addressing all counts of Gibson's complaint. (*See* ECF Nos. 39, 42, respectively.) However, the judgment languished unsatisfied, and then, on March 4, 2025, Mac Equity filed for Chapter 7 bankruptcy. (*See* ECF No. 66.)

Events unfolded as follows: McClafferty, as President of Mac Equity, signed a promissory note and lending agreement with Gibson on August 10, 2022, for which Gibson provided $50,000.00 to McClafferty. (ECF No. 5 ¶¶15,16). On November 7, 2022, a second promissory note and lending agreement was signed between the same parties, for which Gibson provided McClafferty an additional $20,000.00. *Id*. at ¶¶ 24, 26.

In early April 2024, when repayment of the funds was not forthcoming as agreed upon, Gibson initiated this action for damages against Defendants alleging five causes of action, namely, breach of agreement, breach of contract, debt, fraudulent misrepresentation, and breach of covenant of good faith and fair dealing. (ECF No. 1.) Gibson filed a first amended complaint on April 5, 2024, alleging the same five causes of action plus three more:

---

[1] Black's Law Dictionary defines Ponzi scheme as a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends or returns for the original investors, whose example attracts even larger investments. Money from the new investors is used directly to repay or pay interest to earlier investors, usually without any operation or revenue-producing activity other than the continual raising of new funds. This scheme takes its name from Charles Ponzi, who in the late 1920s was convicted for fraudulent schemes he conducted in Boston." Ponzi Scheme, Black's Law Dictionary (12th ed. 2024).

defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*See generally* ECF No. 5.)

By the end of October 2024, it appeared that the parties had completely resolved all their disputes. A mediation report was signed on October 29, 2024, by mediator Carl A. Beckstedt, Esq.[2] (ECF No. 44.) The parties had reached an agreement on three of the counts and motioned the Court to approve the consent judgment on October 30, 2024. (ECF No. 39.). That same day the Court approved and granted the parties' consent judgment. (ECF No. 40). The consent judgment awarded Gibson final judgment on Counts Two, Three, and Five of the First Amended Complaint in the amount of $215,000.00 as follows:

1. Judgment against McClafferty in the amount of $110,000.00.

2. Judgment against Mac Equity and MPE in the total amount of $105,000.00, "which judgment amount shall be jointly and severally attributable to both defendants."

*Id.*

The next day, on October 31, 2024, the parties stipulated to and agreed to the dismissal of the remaining claims— Counts One, Four, Six, Seven, and Eight, of the First Amended Complaint, ECF No. 5, and any asserted counterclaims, with prejudice. (ECF No. 42.) The Court acknowledged the parties' stipulation of partial dismissal and dismissed the counterclaims with prejudice. (*See* ECF No. 43.)

On December 12, 2024, Gibson motioned the Court to schedule a judgment debtor examination ordering McClafferty to provide testimony under oath concerning his assets and property that are not exempt from execution. (ECF No. 48.) McClafferty did not file a response. The Court granted the motion and scheduled a judgment debtor examination hearing for March 24, 2025. (ECF No. 65.) Two days later, Defendants filed their Suggestion of Bankruptcy, notifying the Court that Mac Equity filed a Petition for Bankruptcy in the United States Bankruptcy Court for the District of Delaware, "Case #25-10386, listing B. Matthew McClafferty and MPE Clearing & Holdings, Inc. as Co-Debtors." (ECF No. 66.) Pending evaluation as to whether the petition for bankruptcy and automatic stay applies to

---

[2] The mediation report was filed on October 31, 2024.

co-debtors McClafferty and MPE, the Court continued the judgment debtor examination hearing. (*See* ECF No. 69.)

Defendants argue that co-defendant co-debtors MPE and McClafferty should be treated as real parties in interest in the instant suit, that MPE is property of Mac Equity's bankruptcy estate as a wholly owned subsidiary of Mac Equity, and that even if it is not, the automatic stay should nevertheless apply to all three parties. Gibson, of course, disagrees. The Court addresses these arguments in turn.

## II.  LEGAL STANDARD

Once a Chapter 7 bankruptcy petition is filed, an automatic stay goes into effect, prohibiting the commencement or continuation of any action or proceeding against the debtor. 11 U.S.C. § 362(a)(1). It also prohibits any act to recover a claim against the debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. §§ 362 (a)(6). In addition, no actions may be taken to obtain possession of or to exercise control over property of the bankruptcy estate. 11 U.S.C. §§ 362 (a)(3).

While the scope of the automatic stay is broad, it is limited to claims against the debtor. The clear language of section 362(a) indicates that it stays enforcement or proceedings only against a 'debtor'—the term used by the statute itself. *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991); *accord ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006); *see also Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir. 1984) ("There is nothing in the statute [11 U.S.C. §362] which purports to extend the stay to causes of action against solvent co-defendants of the debtor.").

"The automatic stay functions as one of the Bankruptcy Code's fundamental protections, providing the honest but unfortunate debtor with a breathing spell from their creditors." *Usoroh v. Koger (In re Koger)*, Nos. 24-21081-GLT, 33, 41, 2024 Bankr. LEXIS 2086, at *4 (Bankr. W.D. Pa. Sep. 9, 2024) (citations omitted); *accord JELD-WEN, Inc. v. Van Brunt In re Grossman's Inc.*, 607 F.3d 114, 122 (3d Cir. 2010). "That insulation, however, belongs exclusively to the 'debtor' in bankruptcy." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 125 (4th Cir. 1983). "It would make no sense to extend the automatic stay protections to solvent co-defendants. They don't need it, and at the same time it would work a hardship on

plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants. Extending the stay to protect solvent co-defendants would not advance either of the purposes underlying the automatic stay." [3] *Fortier*, 747 F.2d at 1330.

That being said, there are certain situations, however, where courts have applied the automatic stay protection to non-debtor co-defendants in accordance with 11 U.S.C.S. §362(a)(1)—but only under "unusual circumstances." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509-10 (3d Cir. 1997) (citation omitted). *See, e.g., A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999, 1008 (4th Cir. 1986), cert. denied, 479 U.S. 876 (1986) (granting nondebtor protection under sections 362(a)(1) & (a)(3) because of "unusual circumstances" in the relationship between nondebtor, debtor, and property of the estate); *see also First Nat'l Bank of Louisville v. Kanawha Trace Dev. Partners* (*In re Kanawha Trace Dev. Partners*), 87 B.R. 892 (Bankr. E.D. Va. 1988) (applying section 362(a)(1) to protect nondebtor guarantor with indemnification rights against debtor); *Family Health Servs., Inc., v. Centinela Mammoth Hosp.* (*In re Family Health Servs.*), 105 B.R. 937 (Bankr. C.D. Cal. 1989) (protecting nondebtor members of debtor HMO under section 362(a)(1) because of unusual circumstances).

The "unusual circumstances" test adopted by the Third Circuit is whether: (1) there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," or (2) "stay protection is essential to the debtor's efforts of reorganization." *Sussino v. Work Out World, Inc.*, Civil Action No. 3:15-cv-05881 (PGS)(TJB), 2021 U.S. Dist. LEXIS 263945, at *6 (D.N.J. Oct. 25, 2021) (citations omitted)**.** Section 362 (a)(1) stays "actions against the debtor and arguably against those whose interests are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest." *A.H. Robins,* 788 F.2d at 1001. "An illustration of

---

[3] "The language of the statute reflects the legislative purposes behind the automatic stay. This is to permit the debtor to organize his or her affairs without creditor harassment and to allow orderly resolution of all claims. Congress has stated that the automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. . . .It also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property." *Fortier V. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) (quoting legislative history).

such a situation would be a suit against a third party who is entitled to absolute indemnity by the debtor" on account of a judgment. *Id*. at 996.

### III. DISCUSSION

Gibson presents verification of an unsatisfied consent judgment against Defendants Mac Equity, McClafferty and MPE, and argues that because only Mac Equity filed a voluntary petition for chapter 7 bankruptcy, the automatic stay applies only to Mac Equity. (ECF No. 67 at 1.)

Defendants, on the other hand, contend that two "unusual circumstances" exist to warrant extending the automatic stay to McClafferty and MPE. First, Defendants argue that the three entities are so closely related to Mac Equity, that the bankruptcy debtor is "in essence the real party in interest" for any claim against McClafferty or MPE. (ECF No. 70 at 3.) MPE is a wholly owned subsidiary of Mac Equity, and McClafferty is the president and sole owner of Mac Equity. (ECF No. 70 at 2.) Second, Defendants argue that Gibson's claims against McClafferty and MPE "amount to competing claims against the estate assets" of Mac Equity. (ECF No. 70 at 3.) Specifically, Defendants argue that MPE is an asset of Mac Equity, and to the extent the settlement agreement of the parties is enforced against the co-defendants, any payment "could potentially" impact the bankruptcy estate of Mac Equity.[4] (ECF No. 70 at 3.)

Although, the power of the district courts to grant automatic stays is well recognized, it is not without limitation. "Proper use of this authority calls for the exercise of judgment that must weigh competing interests and maintain an even balance." *Williford*, 715 F.2d at 124. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248 (1936); s*ee also Residential Capital, LLC v. Fed. Hous. Fin. Agency (In re Residential Capital, LLC)*, 529 F. App'x 69, 70-71 (2d Cir. 2013) (concluding that an automatic stay does not apply to non-debtor entities "as a

---

[4] Defendants also employ the argument that all three Defendants should not have been sued in the first place because McClafferty and MPE "were clearly not parties to the promissory notes." (ECF No. 70 at 3.) This argument carries little weight at this stage in light of Defendants' admission that the Consent Judgment "should be entered against *all* Defendants." (ECF No. 39-1 ¶11) (emphasis added).

categorical matter, without factual findings as to whether the lawsuit against those entities would have had immediate adverse economic consequence[s]" on the debtor's estate). The burden is squarely on Defendants here.

### A. Real Parties in Interest

Because Mac Equity filed Chapter 7 bankruptcy, which does not involve reorganization, we focus only on whether a judgment against co-defendant co-debtors MPE and McClafferty would "in effect" be a judgment against Mac Equity, the bankruptcy debtor.[5]

Defendants rely on *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506 (3d Cir. 1997), a not-so-straightforward case. *McCartney* was an appeal of a bankruptcy court decision denying the discharge of a bankruptcy debt. The appeals court affirmed the debt along with the bankruptcy court's decision to extend the automatic stay to the debtor's wholly-owned corporation because it found that the debtor was "in essence, the real party in interest." *Id.* at 511.

Unlike the instant scenario, the initial automatic stay in *McCartney* was in place against the bankruptcy debtor in his individual capacity, and the bankruptcy debtor in *McCartney* did *not* want an automatic stay extended to his corporation, Lamar's Restaurant & Lounge, Inc. ("Lamar's"). *Id.* at 510. The matter of the stay was addressed in the context of a creditor's obligations under the Pennsylvania Deficiency Judgment Act ("DJA")—a state statute—governing circumstances where a creditor forces real estate to be sold in an execution sale. In a nutshell, the question boiled down to fair market value of property sold.

The appellee creditor in *McCartney* had extended a loan to appellant debtor's corporation, Lamar's, which was secured by a mortgage on its property that had been guaranteed by the debtor. *Id.* at 508. After the debtor filed for Chapter 13 bankruptcy and moved to sell the corporate property, the creditor obtained the property through a sheriff's sale for costs and taxes, re-sold it, and then filed a proof of claim in the debtor's bankruptcy

---

[5]"The Bankruptcy Code provides diverse courses debtors may pursue to gain discharge of their financial obligations. . . . Chapter 7 allows a debtor to make a clean break from his financial past, but at a steep price: prompt liquidation of the debtor's assets. When a debtor files a Chapter 7 petition, his assets, with specified exemptions, are immediately transferred to a bankruptcy estate." *Culp v. Stanziale (In re Culp)*, 550 B.R. 683, 687 n.4 (D. Del. 2015) (internal citations and quotation marks omitted).

*Gibson v. McClafferty.*
Case No. 3:24-cv-0020
Memorandum Opinion
Page 8 of 14

case for the difference owed. The debtor filed an objection to the claim asserting that the creditor's claim was satisfied as a matter of law because it failed to file a petition to fix the fair market value of the property within six months after the sheriff's sale as required under the DJA.[6] The bankruptcy court in *McCartney* concluded that the automatic stay provision of the Bankruptcy Code had prevented the creditor from complying with the requirements of the DJA and noted that the circumstances of the issue did not present "a normal situation where the DJA can be applied by its literal terms." *Id.* at 508-09. When the debtor filed for bankruptcy, "the automatic stay provision of 11 U.S.C. § 362(a) was triggered and effectively precluded [the creditor] from state court actions of *any* type against [the debtor]." *Id*. at 509.

In *McCartney*, the debtor—*as guarantor*—was secondarily liable for any deficiency entered against his corporation, Lamar's, and following the foreclosure and sheriff's sale, Lamar's had no assets. *Id*. at 511. Therefore, the debtor would have been the real party defendant in a deficiency judgment action by the creditor against Lamar's. *Id*. Accordingly, the Court extended the automatic stay to Lamar's and the creditor was stayed from pursuing a deficiency judgment action against Lamar's because the debtor was, "in essence, the real party in interest." *Id.*

Unlike the instant scenario, the appellant bankruptcy debtor in *McCartney* was a private individual. Here, the bankruptcy debtor—Mac Equity—is a corporation. Co-defendant McClafferty is apparently solvent as the sole owner of the bankruptcy debtor Mac Equity, and Defendants present no evidence demonstrating the existence of a guarantor relationship as was the case in *McCartney*.

Defendants also rely on *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003). According to *Queenie,*, an automatic stay "can apply to non-debtors but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence

---

[6] Under Pennsylvania law, every judgment creditor who forces real estate to be sold in an execution sale must comply with the DJA to protect its claim to any unpaid balance remaining after the sale. *McCartney* at 509. The appeals court affirmed the bankruptcy court's decision holding that "the bankruptcy court properly found that the automatic stay placed on debtor extended to enjoin the creditor from complying with requirements of the DJA, and that the case fell "squarely under the 'unusual circumstances' exception" because "any deficiency judgment recovery from Lamar's would have necessarily impacted upon debtor's estate." *Id.* at 511. The Court found this outcome clearly in tension with the purposes of the automatic stay.

for the debtor's estate." *Id.* at 287. Examples include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Id.* at 287. (citation altered and internal citations omitted).

The court in *Queenie* considered whether the automatic stay—which required a stay of the appeal with respect to the appellant debtor—would also apply to the appeals of three other co-appellants. The appeal addressed an amended District Court judgment awarding attorney's fees and damages.[7] *Id*. at 283. The bankruptcy debtor defendant in *Queenie* was a private individual who was president of the solvent co-debtor corporation Queenie. He wholly owned it. The bankruptcy debtor wanted the stay on his behalf to apply not only to himself, but to his corporation Queenie and to the remaining other two co-defendants. Queenie and the other co-defendants either took no position or were silent on the issue. *Id.* at 287. The court concluded that the stay of appeal would apply to Queenie and not to the other co-defendants in accordance with the principle that such identity existed between the owner bankruptcy debtor and the third-party defendant Queenie "that the debtor may be said to be the real party defendant." *Id*. at 288. The Court found that adjudication of the claim against Queenie—as a wholly-owned corporation of the debtor—would have had immediate adverse economic impact on the owner debtor. *Id.*

Unlike *Queenie*, here it is the wholly-owned corporation Mac Equity that filed for Chapter 7 bankruptcy—not its owner—and Defendants do not demonstrate how adjudication of the claims against MPE and McClafferty "will have an immediate adverse economic consequence for the debtor's estate." *Id.* "Although the automatic stay can be extended to situations involving non-debtors, courts are careful to reserve such power to the

---

[7] In *Queenie* the plaintiff and the defendant were both corporations and distributors of women's clothing. Plaintiff Queenie sued Defendant Nygard for copyright infringement of designs used on its products, and Nygard counterclaimed against Queenie for tortious interference. Queenie was wholly owned by an individual named Mark Gardner. Defendant Nygard named Gardner and two other defendants as additional counterclaim defendants. The jury rejected Queenie's copyright infringement claim, found in favor of Nygard on its counterclaim, and awarded attorneys' fees and damages against all defendants. Queenie's owner, Gardner, then filed for bankruptcy. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003).

most extreme and unusual circumstances." *W.R. Grace & Co. v. Chakarian (In re W.R. Grace & Co.*), No. 01-01139(JFK), 2004 Bankr. LEXIS 579, at *7 (Bankr. D. Del. Apr. 29, 2004) (citation omitted.) It is considered "extraordinary relief." *In re SDNY 19 Mad Park, LLC*, No. 14-11055 (ALG), 2014 Bankr. LEXIS 3877, at *3 (Bankr. S.D.N.Y. Sep. 11, 2014).

### 1. The automatic stay does not apply to co-defendant McClafferty

The Court is not convinced that "unusual circumstances" exist here based on identities of the parties alone. McClafferty argues that the automatic stay in place for Mac Equity should extend to McClafferty because he is the sole owner of Mac Equity. However, the primary reason many business owners choose the structure of a corporation is to limit their own risks. The existence of the corporate structure cannot simply be disregarded so that an owner may escape its drawbacks. *See Terry v. Yancey*, 344 F.2d 789, 790 (4th Cir. 1965) (explaining that "where an individual creates a corporation as a means of carrying out his business purposes, he may not ignore the existence of the corporation in order to avoid its disadvantages"); *see also Rich v. Witt O'Brien's, USVI, LLC*, No. 1:19-cv-00022-RAM-EAH, 2024 U.S. Dist. LEXIS 75523, at *24 n.9 (D.V.I. Apr. 25, 2024) ("The corporate form should not be disregarded lightly. . . .The Virgin Islands, as in other jurisdictions, will respect corporate separateness unless presented with a compelling reason to disregard such a well-entrenched concept.") (citing *Cesar Castillo, Inc. v. Healthcare Enterprises, L.L.C.*, No. 12-cv-0108, 2016 U.S. Dist. LEXIS 132281, 2016 WL 5660437, at *3 (D.V.I. Sept. 27, 2016)) (internal quotation marks, citations, and alterations omitted). The stay generally only applies to the debtor and its property and does not extend to third parties such as a debtor's affiliates, officers and principals, or co-defendants. *See McCartney,* 106 F.3d at 509-10 (stating that "'it is universally acknowledged that an automatic stay of proceedings accorded by section 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor'" (quoting *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983)); *accord Teachers. Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *Nev. Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 408 (S.D.N.Y. 2007); *Diocese of Rochester v. AB 100 Doe (In re Diocese of Rochester)*, Nos. 19-20905-PRW, 22-02075-PRW, 2022 LX 86497 (Bankr. W.D.N.Y. May 23, 2022); *see also In re*

*Arrow Huss, Inc.*, 51 B.R. 853, 856 (Bankr. D. Utah 1985) ("It is well settled that Section 362 of the Bankruptcy Code . . . does not forbid actions against its non-debtor principals, partners, [or] officers."); 3 Collier on Bankruptcy P 362.03 ("Although the stay protects the debtor against a broad range of actions and activities, it does not protect separate legal entities,[8] such as corporate directors, officers or affiliates, partners in debtor partnerships or co-defendants in pending litigation.").

As mentioned earlier, courts in this Circuit allow extension for an automatic stay to a non-debtor co-defendant in one of two situations, the relevant one here being when a judgment against the co-defendant will in effect be a judgment or finding against the debtor.[9] This exception applies when the debtor is "forced to indemnify its co-defendants in the event of an adverse verdict." *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*, No. 18-3480, 2019 U.S. Dist. LEXIS 83446, at *16 (E.D. Pa. May 16, 2019) (citations omitted). Here the Court is not convinced that either co-defendant here is forced to indemnify bankruptcy debtor Mac Equity. The record is short on evidence to support what material effect—if any—action against McClafferty will have on Mac Equity's estate as a corporation.

### 2. The automatic stay does not apply to co-defendant MPE

Because MPE is a subsidiary of Mac Equity, Defendants argue that MPE is an asset of Mac Equity, and therefore enforcement of the parties' settlement agreement against MPE will potentially have impact upon Mac Equity's estate. (ECF No.70 at 3.) Again, based on the record, the Court is unpersuaded. In general, "holding companies and their subsidiaries are considered to be separate legal entities. Corporate entities as holding companies are separate and distinct from the corporate entities of the subsidiaries which they own."

---

[8] "These entities may, however, obtain protection through a section 105 injunction if relief is appropriate." 3 Collier on Bankruptcy P 362.03.

[9] The other exception is when the "stay protection is essential to the debtor's efforts of reorganization." *McCartney*, 106 F.3d at 510. Here, Mac Equity filed for Chapter 7 bankruptcy—which does not involve reorganization. "[U]nlike in Chapter 12 or Chapter 13 cases, co-debtors of a Chapter 7 debtor are not provided the protections of the automatic stay." *Velez v. EZ Rent A Car Inc. (In re Velez)*, 601 B.R. 351, 365 (Bankr. M.D. Pa. 2019); *accord* ( *Kennedy Funding, Inc. v. Oracle Bus. Devs., Ltd. Liab. Co.*, Civil Action No. 2012-0009, 2020 U.S. Dist. LEXIS 134419, at *14-15 (D.V.I. July 29, 2020) ("Under Chapters 7 (liquidation) and 11 (reorganization) of the Code, the automatic stay does not apply to nonbankrupt co-debtors.").

*Kilraine v. United States*, No. 07-4778 (WJM), 2010 U.S. Dist. LEXIS 4087, at *1, 105 A.F.T.R.2d (RIA) 2010-745 (D.N.J. Jan. 20, 2010); *see also Douglas v. Atrium Med. Corp.*, No. 3:23-CV-0747, 2023 U.S. Dist. LEXIS 220011, at *33 (M.D. Pa. Dec. 11, 2023) ("[S]ubsidiaries, even if wholly owned, are presumed separate and distinct entities from their parent corporations."); *accord Clark v. Matsushita Elec. Indus. Co.*, 811 F. Supp. 1061, 1063 (M.D. Pa. 1993).

Because as a corporation Mac Equity is a distinct separate legal entity, a judgment against MPE, a subsidiary corporation, does not necessarily impose an obligation or liability on Mac Equity. The Court recognizes that Mac Equity does have an interest in MPE and this interest in the subsidiary corporation may form part of Mac Equity's bankruptcy estate. However, the fact that a parent corporation has an ownership interest in a subsidiary, does not give the parent any direct interest in the *assets* of the subsidiary. *See Koken v. Pension Benefit Guar. Corp.*, 383 F. Supp. 2d 712, 719-20 (E.D. Pa. 2005)("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary. This is so because subsidiaries, even if wholly owned, are presumed separate and distinct entities from their parent corporations.") (citations omitted); *see also Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) ("It is a fundamental precept of corporate law that each corporation is a separate legal entity with its own debts and assets, even when such corporation is wholly owned by another corporate entity.").

MPE and Mac Equity are separate corporations. An action to obtain possession or exercise control over MPE's property is not necessarily an action to obtain possession or exercise control over property of Mac Equity's bankruptcy estate. Here too, the record before the Court is shy on evidence to support what material effect—if any—action against MPE has on Mac Equity's estate as a corporation.

### B. Property of Bankrupt Estate

Subsection 362 (a)(1) of the Bankruptcy Code is "not the only part of section 362 providing for an automatic stay of proceedings. Subsection (a)(3) directs stays of any action, *whether against the debtor or third-parties*, to obtain possession or to exercise control over

property of the debtor." *A.H. Robins Co.*, 788 F.2d at 1001; 11 U.S.C. §362 (a)(3). [10] For a claim to fall within the scope of section 362(a)(3), Defendants must also show that the claims against MPE and McClafferty constitute an act to obtain possession of Mac Equity's "property of estate." *See ACandS, Inc.*, 435 F.3d at 260 (3d Cir. 2006). The interests classified as "property of the estate" protected by § 362(a)(3) are defined by 11 U.S.C. § 541. *Id.* (citing *Cuffee v. Atl. Bus. & Cmty. Dev. Corp.* (*In re Atl. Bus. & Cmty. Corp.*), 901 F.2d 325, 328 (3d Cir. 1990)). This property of the estate "is interpreted broadly to include all interests the debtor has in property, both tangible and intangible, legal and equitable. Federal law defines what types of property are part of the estate while state law determines what interest a debtor has in the property. Any operative documents as well as relevant state laws inform the determination." *In re CII Parent, Inc.*, No. 22-11345 (LSS), 2023 Bankr. LEXIS 1003, at *10 (Bankr. D. Del. Apr. 12, 2023); *A.H. Robins* at 1001. ("[11 U.S.C. § 541] provides that the estate is comprised of all the following property, wherever located . . . all legal or equitable interests of the debtor in property as of the commencement of the case.'").

Defendants essentially assert that *any* claims against MPE and McClafferty in effect "amount to competing claims against estate assets" of Mac Equity. (ECF No. 70 at 3.) However, absent unusual circumstances, "references in section 362 to 'property of the estate' is read as references to property of the debtor." 6 Collier on Bankruptcy P 901.04. Defendants provide no evidence to support their assertions under Section 362 concerning Mac Equity's estate.

## IV.   CONCLUSION

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F.2d at

---

[10] In addition to finding ground for relief under 362(a)(1), the court in *A.H. Robins* also found grounds to promote nondebtor relief under section 362(a)(3) of the Bankruptcy Code. The *Robins* court determined, based upon legislative history and prior case law, that insurance policies which would be used to satisfy judgments against the non-debtors were *property of the estate,* and, arguably, *the most important asset of the debtor.* The court found that "any action . . . which . . . may diminish this 'important asset' is *unquestionably* subject to a stay under this subsection." *Id.* at 1001 (citing omitted). "[A]ctions 'related to' the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to indemnification under such policy or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3)." *Id.* at 1001-02.

*Gibson v. McClafferty.*
Case No. 3:24-cv-0020
Memorandum Opinion
Page 14 of 14

125. The Court finds that such a showing has not been made here. For reasons discussed above, the Court finds that the automatic stay of Section 362 against Mac Equity does not operate to prevent Plaintiff Alex Gibson from proceeding on the merits against the remaining solvent co-defendants in this matter. An appropriate Order follows.

**Dated:** September 15, 2025    /s/ *Robert A. Molloy*
                                                                         **ROBERT A. MOLLOY**
                                                                         **Chief Judge**